Udo BIRNBAUM, Appellant,

v.

THE LAW OFFICES OF G. DAVID WESTFALL, P.C., G. David Westfall, Christina Westfall, and Stefani Podvin, Appellees.

No. 05–02–01683–CV.

Court of Appeals of Texas, Dallas.

Oct. 23, 2003.

Rehearing Overruled Dec. 10, 2003.

Udo Birnbaum, Eustace, pro se.

Frank C. Fleming, Law Office of Frank C. Fleming, Dallas, for Appellee.

Before Justices WHITTINGTON, WRIGHT, and BRIDGES.

## OPINION

Opinion By Justice WHITTINGTON.

Appellant Udo Birnbaum appeals a jury verdict and judgment in favor of appellee The Law Offices of G. David Westfall, P.C. ("Law Office"). Birnbaum also appeals orders on motions for summary judgment, for sanctions, and to recuse the trial judge, and complains of the trial judge's failure to appoint an auditor. We affirm.

### Background

Law Office filed a suit on a sworn account against Birnbaum for legal fees allegedly owed. Birnbaum filed an answer and affidavit denying the claim. Birnbaum also filed a counterclaim against Law Office and added G. David Westfall, Christina Westfall, and Stefani Podvin as parties to the lawsuit ("Third Party Defendants"). He alleged violations of the federal Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961 et seq. (2000 and Supp.2003) ("RICO") against Third Party Defendants. Law Office and Third Party Defendants moved for summary judgment on the claims against them. Third Party Defendants' motions were granted. Birnbaum filed motions to appoint an auditor and to recuse the trial judge. There is no order on Birnbaum's motion to appoint an auditor in the clerk's record. At trial, a jury made affirmative findings on Law Office's claim against Birnbaum for breach of contract and negative findings on Birnbaum's claim against Law Office for violations of the Texas Deceptive Trade Practices Act. Tᴇx. Bus. & Cᴏᴍ.Cᴏᴅᴇ Aɴɴ. §§ 17.41 et seq. (Vernon 2002) ("DTPA"). The trial judge entered judgment for Law Office which included an award of attorneys' fees as found by the jury. Third Party Defendants filed a motion for sanctions under Rule 13 of the Texas Rules of Civil Procedure, which was granted in part and denied in part. The partial reporter's record submitted with this appeal is the closing argument from the jury trial and a portion of the sanctions hearing. Birnbaum has appeared pro se throughout all proceedings.

### Judgment

■ In his first issue, Birnbaum asserts the trial court's judgment on the jury's verdict was "unlawful" because (1) the trial judge erred in refusing to submit jury issues on whether Birnbaum was excused from performing the attorney's fees contract and whether Law Office's services were of no worth; and (2) the judgment does not conform to the pleadings because the jury was questioned regarding a breach of contract but Law Office pleaded a suit on sworn account. Because Birnbaum filed only a partial reporter's record limited to closing argument and a portion of the sanctions hearing, we are unable to review these complaints. See Nicholes v. Tex. Employers Ins. Ass'n, 692 S.W.2d 57, 58 (Tex.1985) (per curiam) (with only partial reporter's record, court could not determine whether giving improper jury instruction was harmful error); A.V.A. Servs., Inc. v. Parts Indus. Corp., 949 S.W.2d 852, 854 (Tex.App.-Beaumont 1997, no pet.) (nothing preserved for review on issue whether judgment conformed to pleadings, because complaint could not be raised for first time on appeal, and without reporter's record, no showing made that appellant received trial court determination on issue). We overrule appellant's first issue.

### Appointment of Auditor

■ In his second issue, Birnbaum urges the trial court erred in failing to

appoint an auditor pursuant to Rule 172 of the Texas Rules of Civil Procedure. While Birnbaum did file a motion to appoint an auditor with the trial court, he did not receive a ruling on the motion. Therefore, he did not preserve this complaint for appeal. *See* Tex.R.App. P. 33.1; *Reyna v. First Nat'l Bank,* 55 S.W.3d 58, 67 (Tex. App.-Corpus Christi 2001, no pet.). We overrule appellant's second issue.

### Summary Judgment

■ Birnbaum next complains of the trial court's no-evidence summary judgment on his RICO claims. We review a no-evidence summary judgment under the same legal sufficiency standard used to review a directed verdict, to determine whether the nonmovant produced more than a scintilla of probative evidence to raise a fact issue on the material questions presented. *Gen. Mills Rests., Inc. v. Tex. Wings, Inc.,* 12 S.W.3d 827, 832–33 (Tex. App.-Dallas 2000, no pet.).

■ Birnbaum asserted claims under sections 1962(a) and (c) of RICO. Under subsection (a), a person who has received income from a pattern of racketeering cannot invest that income in an enterprise, and under subsection (c), a person who is employed by or associated with an enterprise cannot conduct the enterprise's affairs through a pattern of racketeering. *See Whelan v. Winchester Prod. Co.,* 319 F.3d 225, 231 n. 2 (5th Cir.2003). Elements common to all subsections of RICO are: (1) a person who engages in (2) a pattern of racketeering activity (3) connected to the acquisition, establishment, conduct, or control of an enterprise. *Whelan,* 319 F.3d at 229.

■ "Racketeering activity" is defined in section 1961(1) in terms of a list of state and federal crimes. *See* 18 U.S.C. § 1961(1); *Bonton v. Archer Chrysler Plymouth, Inc.,* 889 F.Supp. 995, 1001 (S.D.Tex.1995). It includes acts indictable under 18 U.S.C. § 1341, relating to mail fraud. *See* 18 U.S.C. § 1961(1)(B); *Whelan,* 319 F.3d at 231. The individual acts of "racketeering activity" are usually described as the "predicate offenses." *Bonton,* 889 F.Supp. at 1001. Any act that does not fall within RICO's definition of predicate offenses is not "racketeering activity." *See Heden v. Hill,* 937 F.Supp. 1230, 1242 (S.D.Tex.1996).

■ A "pattern of racketeering activity" requires at least two acts of racketeering activity. *See Whelan,* 319 F.3d at 231 n. 4. Although at least two acts of racketeering are necessary to constitute a pattern, two acts may not be sufficient. *Bonton,* 889 F.Supp. at 1003. To establish a pattern of racketeering activity, a plaintiff must show that the racketeering predicates are related, and that they amount to or pose a threat of continued criminal activity. *Word of Faith World Outreach Ctr. Church, Inc. v. Sawyer,* 90 F.3d 118, 122 (5th Cir.1996) (citing *H.J. Inc. v. Northwestern Bell Tel. Co.,* 492 U.S. 229, 239, 109 S.Ct. 2893, 106 L.Ed.2d 195 (1989)). To establish continuity, plaintiffs must prove continuity of racketeering activity, or its threat. *Word of Faith,* 90 F.3d at 122.

Birnbaum asserts Law Office is a RICO enterprise through which Third Party Defendants conducted a pattern of racketeering. He alleges Third Party Defendants conducted a scheme whereby Law Office's clients were encouraged to file RICO suits against public officials, but failed to receive "honest service" or regular billing. Birnbaum asserts Third Party Defendants engaged in mail fraud in furtherance of this scheme because "almost every document on file in this case" was mailed at one time, including the fraudulent bill on which Law Office's claim was premised. Thus, he al-

leges the predicate act for purposes of RICO was mail fraud.

 Mail fraud under 18 U.S.C. section 1341 "requires that (1) the defendant participate in a scheme or artifice to defraud, (2) the mails be used to execute the scheme, and (3) the use of the mails was 'caused by' the defendant or someone else associated with the scheme." *Bonton,* 889 F.Supp. at 1002. As noted in *Bonton,* "[a] RICO claim asserting mail fraud as a predicate act must allege how each specific act of mail fraud actually furthered the fraudulent scheme, who caused what to be mailed when, and how the mailing furthered the fraudulent scheme." *Bonton,* 889 F.Supp. at 1002. The mail fraud statute "does not reach every business practice that fails to fulfill expectations, every breach of contract, or every breach of fiduciary duty." *Bonton,* 889 F.Supp. at 1002–1003. A plaintiff may not convert state law claims into a federal treble damage action simply by alleging that wrongful acts are a pattern of racketeering related to an enterprise. *Heden,* 937 F.Supp. at 1242.

As summary judgment evidence, Birnbaum filed affidavits of several unhappy clients of Law Office. Although Birnbaum also referred to deposition testimony and pleadings from other lawsuits in his summary judgment response, this evidence was not submitted to the trial court. *See Quanaim v. Frasco Rest. & Catering,* 17 S.W.3d 30, 42 (Tex.App.-Houston [14th Dist.] 2000, pet. denied) (verified summary judgment response was not summary judgment proof).

Birnbaum's summary judgment evidence establishes that several Law Office clients were encouraged to file RICO suits and did not receive regular billings from Law Office. Birnbaum alleges a scheme to defraud himself and others through these suits, and he offers his affidavit testimony to establish the bill mailed to him by Law Office was fraudulent. He does not, however, offer summary judgment evidence regarding how mailing this fraudulent bill constitutes a pattern of racketeering activity, or furthers a "recognizable scheme formed with specific intent to defraud," or presents a continued threat of criminal activity. *See Bonton,* 889 F.Supp. at 1003; *see also Word of Faith,* 90 F.3d at 122–24 (no continuity where alleged predicate acts are part of a single, lawful endeavor). Further, Birnbaum did not offer summary judgment evidence that Third Party Defendants invested income from a pattern of racketeering activity in the alleged RICO enterprise or that his injury flowed directly from the use or investment of that income. Without such evidence, Birnbaum did not raise a genuine issue of material fact on his claim under RICO § 1962(a). *See Nolen v. Nucentrix Broadband Networks, Inc.,* 293 F.3d 926, 929 (5th Cir.), *cert. denied,* 537 U.S. 1047, 123 S.Ct. 600, 154 L.Ed.2d 520 (2002) (for section 1962(a) claim, alleging injury from predicate racketeering acts themselves insufficient; injury must flow from use or investment of racketeering income). Summary judgment on Birnbaum's RICO claims was proper. We overrule Birnbaum's third issue.

### Sanctions Order

 In his fourth issue, Birnbaum complains of the order imposing sanctions against him in favor of Christina Westfall and Podvin. He argues the sanction order is unlawful because it is a criminal sanction "imposed without full due criminal process," and does not state the basis for the sanctions award as required by rule 13 of the Texas Rules of Civil Procedure. We agree with Birnbaum that the trial court's order awards sanctions without stating the basis for the award, and therefore does not

meet the requirements of rule 13. *See Murphy v. Friendswood Dev. Co.*, 965 S.W.2d 708, 709–10 (Tex.App.-Houston [1st Dist.] 1998, no pet.) ("Rule 13 is clear: the particulars of good cause 'must be stated in the sanction order.' ... [T]he order here did not recite the particular reasons supporting good cause to issue the sanctions and did not include findings of fact and conclusions of law supporting good cause ... we hold that the sanction order does not comply with Rule 13."). This error, however, may be waived. *See McCain v. NME Hospitals, Inc.*, 856 S.W.2d 751, 756 (Tex.App.-Dallas 1993, no writ).

■ Birnbaum did not bring either of his complaints about the sanctions order to the attention of the trial judge. To preserve a complaint for appellate review, a party must have presented to the trial court a timely request, objection or motion, stating the specific grounds for the ruling he desired the court to make if the specific grounds were not apparent from the context. *See* Tex.R.App. P. 33.1. An objection must not only identify the subject of the objection, but it also must state specific grounds for the ruling desired. Without a proper presentation of the alleged error to the trial court, a party does not afford the trial court the opportunity to correct the error. *See McCain*, 856 S.W.2d at 755. While Birnbaum filed a motion to reconsider the sanctions, he did not object to the specificity of the order or to the criminal nature of the sanctions. Birnbaum's only complaint about the specificity of the order was made in an untimely request for findings of fact and conclusions of law filed more than twenty days after the date of the sanctions order. *See* Tex.R. Civ. P. 296 (request for findings of fact and conclusions of law shall be filed within twenty days after judgment is signed). Therefore, the trial judge did not have the op-portunity to correct the erroneous order, and error was not preserved. *See McCain*, 856 S.W.2d at 755. Appellees have since filed a motion to allow filing of findings of fact and conclusions of law by the trial judge regarding the sanctions order, which was opposed by Birnbaum. We need not reach the question of whether the findings and conclusions may be filed at this time, as Birnbaum did not preserve his complaints about the sanctions order. We overrule appellant's fourth point of error.

### Recusal of Trial Judge

■ Birnbaum complains the trial judge should have been recused. An evidentiary hearing was held before Judge Ron Chapman on Birnbaum's motion to recuse Judge Paul Banner, and Judge Chapman denied the motion. No reporter's record of this hearing is included in our record. Without a record of the proceedings, we cannot review Judge Chapman's order for abuse of discretion, and nothing is presented for review. *See Ceballos v. El Paso Health Care Sys.*, 881 S.W.2d 439, 445 (Tex.App.-El Paso 1994, writ denied); *In re M.C.M.*, 57 S.W.3d 27, 33 (Tex.App.-Houston [1st Dist.] 2001, pet. denied); Tex.R. Civ. P. 18a (f). Appellant's fifth point of error is overruled.

### Fraud

■ In his sixth issue, Birnbaum complains of "fraud, fraud, and more fraud." In his argument in support of this issue, he contends he made no agreements with Law Office regarding attorneys' fees and never accepted the terms of the retainer agreement. The issue regarding any contractual relationship between Birnbaum and Law Office was resolved by the jury. We have no record of the testimony relevant to Birnbaum's acceptance of the contract. Therefore, we presume the omitted

portions of the record support the trial court's judgment. *See Schafer v. Conner,* 813 S.W.2d 154, 155 (Tex.1991) (per curiam) (in absence of a complete statement of facts, it is presumed that omitted evidence supports trial court's judgment). Birnbaum's sixth issue is overruled.

### Due Process

In his seventh issue, Birnbaum contends "due process demands a new trial." The argument presented does not contain citation to authority and complains of the same rulings addressed in other parts of his brief. This issue presents nothing for our review. *See* TEX.R.APP. P. 38.1(h) (brief must contain clear and concise argument for contentions made, with appropriate citations to authorities and to the record). In his reply brief, Birnbaum also complains of incurable jury argument, and includes a reporter's record of the closing argument from trial in the appellate record. However, the record reveals Birnbaum did not object to the argument at the time it was made, and so has failed to preserve error. *See Barras v. Monsanto Co.,* 831 S.W.2d 859, 865 (Tex.App.-Houston [14th Dist.] 1992, writ denied) (complaint of error in closing argument waived by failure to object). Birnbaum's seventh issue is overruled.

Having overruled Birnbaum's issues, we affirm the judgment and orders of the trial court.