Opinion issued April 14, 2005



     












In The
Court of Appeals
For The
First District of Texas






NO. 01-03-00694-CV




IN RE JOHN W. MITCHELL, Relator




Original Proceeding on Petition for Writ of Mandamus




NO. 01-04-00036-CV




JOHN W. MITCHELL, Appellant

V.

RICHARD JASON LYDERS, Appellee




On Appeal from the County Court at Law No. 2
Harris County, Texas
Trial Court Cause No. 775, 509






MEMORANDUM OPINION
          This case involves both a petition for writ of mandamus and an appeal arising
out of a forcible entry and detainer action. We deny the petition for writ of
mandamus and affirm the judgment in the appeal.
BACKGROUND
          Appellee, Richard Jason Lyders (“the landlord”), brought a forcible entry and
detainer suit by filing a petition for eviction against John W. Mitchell (“the tenant”),
in justice court. After an adverse ruling against the tenant, he appealed for a trial de
novo in the county court at law.
          After a jury trial on August 15, 2002, the jury found that (1) a lease existed
between the landlord and the tenant, (2) the tenant had breached the lease, (3) the
tenant was a tenant in sufferance, and (4) the landlord did not provide written notice
to vacate to the tenant at least 30 days before filing suit for possession. The trial
court’s docket sheet for that same date indicates that it granted a judgment
notwithstanding the verdict on question 4, in which the jury had determined that the
landlord did not give 30 days notice before filing suit. The docket sheet also
indicates that a writ of possession would issue within one week.
          On August 16, 2002, the landlord filed a motion for summary judgment, which
was never ruled on.
          On August 20, 2002, the landlord requested that a writ of possession issue. 
          On September 16, 2002, the tenant filed a motion for new trial, as well as a
premature notice of appeal.
          On October 24, 2002, the trial court notified the parties that the case was set
for entry of judgment on November 11, 2002. This notice provided as follows:
Pursuant to a judgment being rendered, the above styled and numbered
case has been set for entry of judgment by the court for the 11th day of
November, 2002 at 09:00 A.M.
 
Your judgment or dismissal must be filed before this entry date or you
must appear on the above date and time to show good cause why this
case should not be dismissed.
 
Failure to appear on the date set will subject this case to being dismissed
for want of prosecution.

          On November 13, 2002, the trial court dismissed the case for want of
prosecution.
          The tenant has filed both a mandamus and an appeal challenging (1) an order
by the trial court to pay $400 in connection with a motion for continuance, (2) the
propriety of the jury’s verdict.
THE MANDAMUS
          In the petition for mandamus, which the tenant filed before the case was
dismissed for want of prosecution, he complains that the trial court did not enter a
final, appealable written judgment. This argument is moot because the trial court
entered a final judgment dismissing the case for want of prosecution.
          In his other mandamus arguments, appellant complains about an interlocutory
ruling on a motion for continuance and the jury’s verdict. However, appellant has a
remedy for addressing these complaints by way of his appeal.
          Accordingly, we DENY the tenant’s petition for writ of mandamus because he
has an adequate remedy by appeal. See Walker v. Packer, 827 S.W.2d 833, 840 (Tex.
1992).
THE APPEAL
          In his first issue on appeal, the tenant contends that the trial court erred by
ordering him to pay $400 in connection with a motion for continuance. However,
there is no reporter’s record from the hearing on the motion for continuance and no
order explaining why, or indeed if, such an order was entered. Conceivably, the $400
was a sanction for the delay caused by the tenant’s motion for continuance. However,
without a record of the proceeding, we cannot review the trial court’s alleged order
for abuse of discretion, and nothing is presented for review. See Birnbaum v. Law
Offices of G. David Westfall, P.C.,120 S.W.3d 470, 476 (Tex. App.—Dallas 2003,
pet. denied).
          Accordingly, we overrule the tenant’s first point of error.
          In his second through fourth issues, the tenant complains that the jury verdict
was erroneous and unsupported by sufficient evidence. However, the record shows
that a judgment was never rendered in connection with the jury verdict. In fact, the
record shows that the landlord’s suit against the tenant was dismissed for want of
prosecution. As such, the jury verdict, even if unsupported by sufficient evidence,
did not cause the rendition of an improper verdict. There is simply no adverse
judgment against the tenant. As such, error, if any, is harmless. See Tex. R. App.
44.1(a)(1).
          We overrule issues two through four.
          We affirm the judgment.
 
 
                                                             Sherry Radack
                                                             Chief Justice

Panel consists of Chief Justice Radack and Justices Higley and Bland.