**AFFIRM; and Opinion Filed May 8, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-14-00889-CV

**THE SHOPS AT LEGACY (INLAND) LIMITED PARTNERSHIP, Appellant**
**V.**
**FINE AUTOGRAPHS & MEMORABILIA RETAIL STORES, INC., Appellee**

**On Appeal from the 366th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 366-02102-2010**

## MEMORANDUM OPINION

Before Justices Francis, Lang-Miers, and Whitehill
Opinion by Justice Francis

The Shops at Legacy (Inland) Limited Partnership appeals the trial court's reformed order and final judgment ordering it to pay the attorney's fees of Fine Autographs & Memorabilia Retail Stores, Inc. as a sanction for misconduct during the course of the litigation. In five issues, appellant challenges the sufficiency of the evidence to support the trial court's findings to support imposition of sanctions and the excessiveness of the sanction. We affirm.

This is the second appeal in this case involving the trial court's sanctions order. In the underlying case, appellant sued appellee for breach of a lease agreement. On the morning of trial, appellant's counsel announced "not ready," explaining that he did not have two documents critical to the case. After the trial court denied his oral motion for continuance, counsel moved to nonsuit the case without prejudice to refiling. Three days later, appellee moved for sanctions, alleging appellant or its counsel filed a false affidavit, created and served false discovery

answers, failed to comply with Collin County Local Rules, Texas Rules of Professional Conduct, and the Texas Lawyers Creed, and engaged in "rampant discovery abuse."

Following an evidentiary hearing, the trial court concluded appellant engaged in sanctionable conduct and dismissed appellant's lawsuit with prejudice. In the first appeal, without considering the merits of the sanctionable actions, this Court concluded the death penalty sanction was improper because the record did not show the trial court considered and analyzed less stringent sanctions and whether such sanctions would promote compliance. *The Shops at Legacy (Inland) Ltd. P'ship v. Fine Autographs & Memorabilia Retail Stores Inc.*, 418 S.W.3d 229, 235 (Tex. App.—Dallas 2013, no pet.). We reversed the trial court's judgment and remanded for the trial court to consider lesser sanctions.

On remand, the trial judge considered the same evidence that was before him in the previous proceeding and imposed a lesser sanction. Specifically, the trial court ordered appellant to pay appellee its costs up to $1,000 and attorney's fees in the amount of $31,000, less an offset of $2,384 for the costs of appellant's appeal. In its reformed order and final judgment, the trial court found appellant "abused the pleading and discovery process in a methodical, patterned, and systematic manner" and "demonstrated knowing and intentional conduct," including: (1) filing multiple false pleadings; (2) making material and false representations to the court and in discovery; (3) failing to comply with "rules governing organization of pleadings"; (4) serving inconsistent and false discovery responses that conflict with each other and pleadings on file; (5) making serially untimely and incomplete discovery responses; (6) concealing evidence and documents critical to defenses and claims asserted in this proceeding; (7) violating the Texas Rules of Civil Procedure; and (8) violating the Local Rules of the Collin County District Courts.

An order of sanctions by the trial court involves two separate decisions. The first decision is whether to impose a sanction. *See Davis v. Rupe*, 307 S.W.3d 528, 531 (Tex. App.—

Dallas 2010, no pet.). The second decision is what sanction to impose. *Id.* Appellant's first four issues involve the first question. These issues challenge the sufficiency of the evidence to support findings or conclusions that it filed multiple false pleadings, made material misrepresentations to the trial court, violated "rules governing organization of pleadings," and engaged in concealing evidence. Appellant did not, however, challenge the remaining bases of sanctionable conduct set out in the judgment.

Generally, an appellant must attack all independent bases or grounds that fully support an adverse ruling or judgment. *Creech v. Columbia Med. Ctr. of Las Colinas Subsidiary, L.P.*, 411 S.W.3d 1, 6 (Tex. App.—Dallas 2013, no pet.); *Oliphant Fin. LLC v. Angiano*, 295 S.W.3d 422, 424 (Tex. App.—Dallas 2009, no pet.). If an appellant fails to do so, we must affirm the ruling or judgment. *Prater v. State Farm Lloyds*, 217 S.W.3d 739, 740–41 (Tex. App.—Dallas 2007, no pet.). This proposition is based on the understanding that if an independent ground fully supports the complained-of ruling or judgment, but the appellant assigns no error to that independent ground, we must accept the validity of that unchallenged independent ground. *Oliphant Fin.*, 295 S.W.3d at 424. As a result, any error in the grounds challenged on appeal is harmless because the unchallenged ground fully supports the ruling or judgment. *Id.*; *cf. Walling v. Metcalfe*, 863 S.W. 56, 58 (Tex. 1993) (per curiam) (explaining that except in cases of fundamental error, we may not reverse trial court's judgment for reason not raised in point of error).

In this case, even if we agreed with appellant that there was insufficient evidence to support the grounds it challenges on appeal, there are other grounds that could support the trial court's decision to impose sanctions that appellant has not attacked on appeal. In particular, appellant has not challenged the trial court's findings or conclusions that it served inconsistent and false discovery responses that conflicted with each other and the pleadings, made serially

untimely and incomplete discovery responses, and violated the Texas Rules of Civil Procedure and the Local Rules of the Collin County District Courts. Having failed to challenge these grounds, appellant cannot show reversible error. *See Lugo v. St. Julian*, No. 05-10-01062-CV, 2012 WL 2160244, at *2 (Tex. App.—Dallas June 14, 2012, no pet.) (mem. op.) (concluding appellants could not show reversible error when they failed to challenge all bases for sanctions); *In re H.R.H.*, No. 05-07-01148-CV, 2008 WL 3984055, at *5 (Tex. App.—Dallas Aug. 29, 2008, no pet.) (mem. op.) (affirming sanctions when appellant failed to attack all grounds in order); *Miaoulis v. AmegyBank*, No. 01-11-00959-CV, 2012 WL 2159375, at *5 (Tex. App.—Houston [1st Dist.] June 14, 2012, no pet.) (mem. op.) (same). We overrule issues one through four.

In his fifth issue, appellant asserts the award of "all of the trial preparation attorneys fees" claimed by appellee as a sanction is excessive, and there is no proof the fees are directly related to the abuse in question.

To preserve a complaint for appellate review, a party must have presented a request, objection, or motion to the trial court stating specific grounds for the ruling desired. *See* TEX. R. APP. P. 33.1(a)(1). An objection must not only identify the subject of the objection, but it also must state specific grounds for the ruling desired. *Birnbaum v. Law Offices of G. David Westfall*, *P.C.*, 120 S.W.3d 470, 476 (Tex. App.—Dallas 2003, pet. denied). Without a proper presentation of the alleged error to the trial court, a party does not afford the trial court the opportunity to correct the error. *Id.* This rule has been applied to a party's failure to raise objections to sanctions in the trial court. *See id.* (failing to preserve complaints that sanction was "criminal sanction" imposed without "full criminal due process" and did not state basis for award as required by Texas Rule of Civil Procedure 13)*; Canine, Inc. v. Golla*, 380 S.W.3d 189, 194 (Tex. App.—Dallas 2012, pet. denied) (failing to preserve complaint that trial court erred by assessing monetary sanction); *Werley v. Cannon*, 344 S.W.3d 527, 535 (Tex. App.—El Paso

2011, no pet.) (failing to object that trial court did not consider "less stringent sanctions" and did not require plaintiffs to segregate attorneys' fees awarded as sanction and that no evidence or affidavits were submitted regarded attorneys' fees waived complaints on appeal); *cf. Nath v. Tex. Children's Hosp.*, 446 S.W.32d 355, 364-65 (Tex. 2014) (concluding party properly preserved complaint regarding excessiveness of sanctions award).

Here, appellant filed a motion to modify, correct or reform the order and judgment and, alternatively, motion for new trial. In the motions, appellant complained the order did not detail the alleged abuse of the pleading and discovery process, did not specify which rules or statutes it violated, did not detail how the sanctionable conduct was that of appellant, presumably as opposed to its attorney, and did not detail evidence of "willful" or "intentional" conduct on appellant's part. Further, the motions generally challenged the sufficiency of the evidence to support a ruling that appellant's conduct was sanctionable. Nowhere in the motions, however, did appellant bring the complaints he raises on appeal. Consequently, he has failed to preserve these complaints.

Regardless, appellant's argument as set out in its brief and in oral argument appears to be premised on its belief the trial court awarded all trial preparation fees from the beginning of the case to the end of the case. The record does not support its argument. Appellee presented the affidavits of two attorneys setting out legal services provided and the length of time for that service. The vast majority of the fees involved preparing for trial only during the week before the trial setting.[1] Thus, the premise of appellant's complaint is not accurate.

Moreover, with respect to these fees, the evidence showed appellant previously represented it was ready for trial, knowing it did not have two documents (checks for "substantial

---

[1] The remainder of the fees involved discovery and responding and objecting to appellant's motion for summary judgment, which also involved the complained-of conduct.

amounts of damages") that it considered as critical evidence. On the day of trial, appellant's counsel orally moved for a continuance on the basis that it could not go forward without the documents. He also asserted appellee was entitled to the documents. When the trial court denied the continuance, appellant nonsuited the case. Appellant did not alert appellee or the trial court prior to the day of trial that it was not prepared to go forward. In its findings, the trial court found the monetary sanctions bear a direct relationship to appellant's conduct because the attorney's fees and expenses "were incurred as a direct result of [appellant's] failure to timely supplement or prepare its discovery responses, or timely move for a trial continuance, causing multiple counsel for [appellee] to waste days, and, at least once, an entire week in preparation for a trial setting for which [appellant] had announced ready, yet had no intention of honoring." Consequently, these fees were directly related to conduct the trial court found sanctionable (and which appellant does not challenge on appeal). We conclude appellant's fifth issue is without merit.

We affirm the trial court's reformed order and final judgment.

/Molly Francis/
MOLLY FRANCIS
JUSTICE

140889F.P05

–6–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

THE SHOPS AT LEGACY (INLAND)
LIMITED PARTNERSHIP, Appellant

No. 05-14-00889-CV          V.

FINE AUTOGRAPHS & MEMORABILIA
RETAIL STORES, INC., Appellee

On Appeal from the 366th Judicial District
Court, Collin County, Texas
Trial Court Cause No. 366-02102-2010.
Opinion delivered by Justice Francis;
Justices Lang-Miers and Whitehill
participating.

In accordance with this Court's opinion of this date, the reformed order and final judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee FINE AUTOGRAPHS & MEMORABILIA RETAIL STORES, INC. recover its costs of this appeal from appellant THE SHOPS AT LEGACY (INLAND) LIMITED PARTNERSHIP.

Judgment entered this 8th day of May, 2015.