

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-21-00130-CV

_____

CARLA DUNLAP, Appellant

V.

CITY OF FORT WORTH, Appellee

---

On Appeal from the 17th District Court
Tarrant County, Texas
Trial Court No. 017-321589-20

---

Before Bassel, Wallach, and Walker, JJ.
Memorandum Opinion by Justice Bassel

## MEMORANDUM OPINION

### I. Introduction

In this interlocutory appeal, Appellant Carla Dunlap challenges the trial court's order designating her as a vexatious litigant; the order was entered at the request of Appellee City of Fort Worth. The order requires that Dunlap obtain permission from the local administrative judge before filing any new litigation in the State of Texas and that she deposit security into the court's registry before pursuing her present suit against the City. We have jurisdiction to review only the portion of the order requiring Dunlap to obtain permission to file new litigation based on a finding that she is a vexatious litigant. But we lack the ability to review the question of whether the trial court properly exercised its discretion by requiring Dunlap to obtain permission to file new litigation: the appellate record contains no reporter's record of the evidentiary hearing conducted by the trial court, and such record is necessary for us to conduct that review. For the sake of completeness, we review the grounds alleged by the City in its motion and conclude that it alleged an adequate basis to determine that Dunlap is a vexatious litigant. Accordingly, we affirm the trial court's decision to enter the vexatious-litigant order.

### II. Factual and Procedural Background

Dunlap was a long-time employee of the Fort Worth Police Department. The City terminated her employment in 2015, and an independent hearing officer confirmed her termination in 2016. Even before her employment with the City

ended, Dunlap began filing pro se suits against the City and its departments. The civil rights suits that she filed in federal court prior to her termination were dismissed because Dunlap had failed to effect service and because the City's legal department was not a separate department of the City.

After her termination, Dunlap continued to sue the City and its employees:

- In 2018, Dunlap filed her first post-termination suit in state court, and the City removed the suit to federal court. The suit appears to have alleged causes of action for constitutional violations, discrimination based on race and disability, tort violations, and violations of criminal law. This suit also sought the termination of a number of City employees and the revocation of the law licenses of a number of present and former city attorneys and the hearing officer who confirmed Dunlap's termination. The federal court granted the City's motion for summary judgment and dismissed Dunlap's claims with prejudice.

- Before the dismissal of the 2018 suit, Dunlap filed a 2019 suit against the City and this time joined more than twenty current and former City employees as well as an ATF agent. The City once again removed the suit to federal court. Dunlap's claims in the 2019 suit appear to have mimicked those alleged in the 2018 suit. Relying on the doctrine of res judicata, the federal court granted a motion to dismiss and again

3

dismissed Dunlap's claims with prejudice. The federal court also determined that res judicata barred Dunlap's claims against city employees in their official capacities.

- Before the dismissal of the 2019 suit, Dunlap went straight to federal court and filed a 2020 suit. This suit again alleged federal civil rights claims. The new wrinkle in this suit was Dunlap's claim that the Lily Ledbetter Fair Pay Act revived her claims. The City's brief that was filed in this court attaches the federal court's order dismissing with prejudice the claims in the 2020 suit, except for a breach-of-contract claim that the federal court dismissed without prejudice because it concluded that it lacked subject-matter jurisdiction over that claim.[1]

- While the 2020 suit was pending, Dunlap filed the instant state-court litigation that triggered the City's motion seeking a determination that she is a vexatious litigant. Dunlap's complaint that is contained in the clerk's record before us is titled "Plaintiff's Third Amended Complaint(s) for Willful Neglect of Duties by Administrative Managers/Assistant

---

[1]Our research confirms the existence of the orders, and we view their rulings as applicable authority for our holdings in this matter. *See Dunlap v. Qualls*, No. 4:20-cv-00687-P-BP, 2021 WL 1845529, at *1–6 (N.D. Tex. Apr. 14, 2021) (relaying findings, conclusions, and recommendation of magistrate judge); *Dunlap v. Qualls*, No. 4:20-cv-00687-P-BP, 2021 WL 1841399, at *1 (N.D. Tex. May 7, 2021) (accepting as a court order the findings, conclusions, and recommendation of magistrate judge); *see also* Tex. R. Evid. 201(b)(2).

Managers/Supervisors/Colleagues and Continuous Discrimination Under Tile [sic] VII Act of 1964 (ADEA & ADA) – The Fair Pay Act of 2007 (Retroactive) and Rule 47 of Texas Rules of Civil Procedures." The defendants are the City and twelve of its employees. The body of the pleading contains 101 numbered sentences that describe a host of alleged misdeeds by the City and its employees. The petition alleges acts with no more specificity than that they were committed by a "defendant" or "defendants," i.e., the petition does not identify which defendant allegedly committed the act. Dunlap describes the basis for her right to recovery as follows: "The Plaintiff seeks to recover all that is due her under Title VII of the Civil Rights Act of 1964 in accordance with 42 U.S.C.[A. §] 1981a(b)(D) for compensatory damages. She is also seeking to recover what is owed to her under the American[s] With Disabilities Act of 1981a(b)(3)(D) . . . ."

After the City answered Dunlap's latest suit, it sought a determination that Dunlap is a vexatious litigant. The vexatious-litigant motion charted Dunlap's litigation history against the City, which is described above, and included a voluminous appendix containing the relevant pleadings and orders from the prior litigation. The motion provided elaborate detail regarding why Dunlap had no reasonable probability of prevailing in her present suit. Generally, the City contended that Dunlap's claims were barred by res judicata, governmental immunity, and

5

limitations; that Dunlap had failed to exhaust her administrative remedies; and that Dunlap lacked standing to allege criminal violations. The motion then explained why Dunlap's present suit attempted to relitigate issues that had been previously finally determined against her.

The trial court entered an order designating Dunlap as a vexatious litigant. The order recites that the trial court had conducted an evidentiary hearing on the City's motion. The order prohibits Dunlap from filing "in propria persona any new litigation in any court of the State of Texas without first obtaining permission from the appropriate local administrative judge as required by Texas Civil Practice & Remedies Code, Section 11.102." The order further required Dunlap to deposit in the court's registry $2,500 within 60 days of the order and stated that if she failed to do so, her present suit might be dismissed.

Dunlap then filed a notice of appeal. A clerk's record was filed. The court reporter, however, reported that no financial arrangements had been made for preparation of a reporter's record and that no request to prepare the record had been made. By letter, we notified the parties that "[b]ecause appellant(s) [had] failed to pay or make arrangements to pay for the reporter's record[] and [had] failed to request a reporter's record, the court [would] consider and decide those issues or points that do not require a reporter's record for a decision." *See* Tex. R. App. P. 37.3(c).

6

### III. The Legal Principles that Apply to our Analysis of our Jurisdiction and the Trial Court's Determination that Dunlap Is a Vexatious Litigant

#### A. This court has jurisdiction to review only the propriety of the trial court's order prohibiting Dunlap from filing new litigation with permission of the local administrative judge.

The Civil Practice and Remedies Code prescribes two methods to control the behavior of vexatious litigants, and the trial court's order in this case utilizes both methods. But the Civil Practice and Remedies Code gives us jurisdiction to review only one of the methods.

Under the first method, once the trial court has determined that a plaintiff is a vexatious litigant, the trial court may "requir[e] the plaintiff to furnish security." *See* Tex. Civ. Prac. & Rem. Code Ann. § 11.051. Specifically, once the trial court conducts a hearing and makes the determination that the plaintiff is a vexatious litigant, the trial court may order "the plaintiff to furnish security for the benefit of the moving defendant" and then "determine the date by which the security must be furnished." *Id.* §§ 11.053, .055(a), (b). Failure to timely post the security requires the trial court to dismiss "litigation as to a moving defendant." *Id.* § 11.056. This court and a host of our sister courts have held that there is no right to an interlocutory appeal of an order requiring a person to post security based on a trial court's finding that she is a vexatious litigant. *See Hollis v. Acclaim Physician Grp., Inc.*, No. 02-19-00062-CV, 2019 WL 3334617, at *2–3, (Tex. App.—Fort Worth July 25, 2019, no pet.) (per curiam) (mem. op.); *Florence v. Rollings*, No. 02-17-00313-CV, 2018 WL

7

4140458, at *2–3 (Tex. App.—Fort Worth Aug. 30, 2018, no pet.) (mem. op.) (collecting cases from sister courts).

But an interlocutory appeal is authorized to review the second method of controlling vexatious litigants. This method again requires a finding that a person is a vexatious litigant. *See* Tex. Civ. Prac. & Rem. Code Ann. § 11.101(a). Under Section 11.101, the trial court may "enter an order prohibiting a person from filing, pro se, a new litigation in a court to which the order applies under this section without permission of the appropriate local administrative judge." *Id.* The Civil Practice and Remedies Code then sets out the procedure to obtain the required permission. *Id.* § 11.102. The right to appeal an order requiring a litigant to obtain permission to file future suits comes from the provision in Section 11.101 that "[a] litigant may appeal from a prefiling order . . . designating the person a vexatious litigant." *Id.* § 11.101(c).

Thus, under the dichotomy created by the Civil Practice and Remedies Code, we have jurisdiction to review only the propriety of the portion of the trial court's order that required Dunlap to obtain permission before filing new litigation.

**B.  We set forth the standard of review that we apply to the aspect of the trial court's order that we have jurisdiction to review.**

We review the trial court's finding that a litigant is vexatious under an abuse-of-discretion standard. *Amrhein v. Bollinger*, 593 S.W.3d 398, 404 (Tex. App.—Dallas 2019, no pet.). That standard circumscribes our review and does not permit us to simply substitute our judgment for that of the trial court:

8

On an abuse[-]of[-]discretion challenge, we are not free to substitute our own judgment for the trial court's judgment. *Bowie Mem['l] Hosp[.] v. Wright*, 79 S.W.3d 48, 52 (Tex. 2002). We can only find an abuse of discretion if the trial court "acts in an arbitrary or capricious manner without reference to any guiding rules or principles." *Bocquet v. Herring*, 972 S.W.2d 19, 21 (Tex. 1998). The court's decision must be "so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *BMC Software Belg. N.V. v. Marchand*, 83 S.W.3d 789, 801 (Tex. 2002). Applying these principles, we must determine whether the trial court's application of the vexatious litigant statute constitutes an abuse of discretion.

*Harris v. Rose*, 204 S.W.3d 903, 905 (Tex. App.—Dallas 2006, no pet.).

We cannot conduct a review of the trial court's exercise of discretion when we lack an adequate record to determine how the trial court exercised that discretion. The Dallas Court of Appeals explained why a record of an evidentiary hearing is so vital to our review when the trial court has exercised its discretion to determine that a litigant is vexatious:

> [W]ithout a reporter's record, an appellate court cannot review a trial court's order for an abuse of discretion. *See Christiansen v. Prezelski*, 782 S.W.2d 842, 843 (Tex. 1990) (burden is on appellant to present a sufficient record to show error requiring reversal); *Simon v. York Crane & Rigging Co.*, 739 S.W.2d 793, 795 (Tex. 1987); *Marion v. Davis*, 106 S.W.3d 860, 869 (Tex. App.—Dallas 2003, pet. denied); *Birnbaum v. Law Offices of G. David Westfall, P.C.*, 120 S.W.3d 470, 476 (Tex. App.—Dallas 2003, pet. denied) . . . . Also, when an appellant fails to bring a reporter's record, an appellate court must presume the evidence presented was sufficient to support the trial court's order. *See Sandoval v. Comm'n for Lawyer Discipline*, 25 S.W.3d 720, 722 (Tex. App.—Houston [14th Dist.] 2000, pet. denied) (holding reviewing court must presume omitted evidence supported trial court's discretionary sanction decision when party failed to bring reporter's record of sanction hearing).

*Willms v. Ams. Tire Co.*, 190 S.W.3d 796, 803 (Tex. App.—Dallas 2006, pet. denied). Other courts of appeals have cited *Willms* to hold that they cannot review the trial court's exercise of its discretion in determining that a party is a vexatious litigant without a reporter's record of an evidentiary hearing. *See Hernandez v. Hernandez*, 621 S.W.3d 767, 778 (Tex. App.—El Paso 2021, no pet.) (stating that "[t]he trial court's written order expressly referenced 'evidence submitted by the parties,' as well as '[t]he discussion, analysis, comments[,] and ruling of the [c]ourt during the hearing on Defendants' Vexatious Litigant Motion' as a basis of support for its determination" and presuming that there was legally and factually sufficient evidence to support the trial court's final determination based on "the evidence attached to the Appellees' motion describing Hernandez's unsuccessful but extensive litigation against them, as well as the litigation filed in this Court, and in the absence of the reporter's record demonstrating otherwise"); *Rodriguez v. Storm*, Nos. 04-19-00642-CV, 04-19-00795-CV, 2020 WL 2139298, at *4 (Tex. App.—San Antonio May 6, 2020, no pet.) (mem. op.) ("Because a reporter's record from the hearing is required to consider Rodriguez's issues challenging the trial court's vexatious litigant order, we do not further address them."); *Amrhein*, 593 S.W.3d at 404 ("However, the record on appeal does not include a reporter's record of the April 5 hearing. In this case, without a reporter's record, we cannot review a trial court's order for an abuse of discretion.").

10

**C.  We set forth the standards that a trial court applies to determine whether a plaintiff is a vexatious litigant.**[2]

Section 11.054 sets out the criteria for finding a plaintiff a vexatious litigant. *See* Tex. Civ. Prac. & Rem. Code Ann. § 11.054.  The first criteria is "that there is not a reasonable probability that the plaintiff will prevail in the litigation against the defendant."  *Id.*  Then the section requires proof that the plaintiff is vexatious and provides three alternatives of proof.  *Id.*; *see also Akinwamide v. Transp. Ins. Co.*, 499 S.W.3d 511, 532 (Tex. App.—Houston [1st Dist.] 2016, pet. denied).  Subsection (2) sets out one alternative as follows:

> (2) [A]fter a litigation has been finally determined against the plaintiff, the plaintiff repeatedly relitigates or attempts to relitigate, pro se, either:
>
> > (A) the validity of the determination against the same defendant as to whom the litigation was finally determined; or
> >
> > (B) the cause of action, claim, controversy, or any of the issues of fact or law determined or concluded by the final determination against the same defendant as to whom the litigation was finally determined.

Tex. Civ. Prac. & Rem. Code Ann. § 11.054(2).  The City pleaded this subsection as its basis for a determination that Dunlap is a vexatious litigant.

The initial phrase of Subsection (2) allows a movant to prove either that the plaintiff has repeatedly litigated the matter dealt with in Subsections (A) and (B) or

---

[2]There is a ninety-day time limit after a defendant files its answer to file a motion seeking a determination that a plaintiff is vexatious and should post security. *See* Tex. Civ. Prac. & Rem. Code Ann. § 11.051.  The record demonstrates that the City met that deadline.

11

that the plaintiff simply attempted to relitigate that matter. *See Forist v. Vanguard Underwriters Ins. Co.*, 141 S.W.3d 668, 670 (Tex. App.—San Antonio 2004, no pet.) ("Section 11.054 allows a trial court to find a litigant vexatious if she *either* 'repeatedly relitigates' *or* 'attempts to relitigate' a matter that has been finally determined against her."). Also, the term "litigation" as used in Chapter 11 of the Civil Practice and Remedies Code "means a civil action commenced, maintained, or pending in any state or *federal* court." *See* Tex. Civ. Prac. & Rem. Code Ann. § 11.001(2) (emphasis added).

## IV. Our Holdings

### A. We lack an adequate record to review the trial court's determination that Dunlap was a vexatious litigant.

Initially, the trial court's order recites that it conducted an evidentiary hearing. No reporter's record containing a transcription of that hearing was filed with this court. The nature of Dunlap's pro se brief makes it difficult to understand the nature of the attacks that she makes on the trial court's order. But to the extent we surmise that she is raising evidentiary challenges to the finding that she is a vexatious litigant, we cannot review such challenges because we must have the necessary record to do so.

### B. The City's motion seeking a vexatious-litigant determination states adequate grounds to support the trial court's exercise of its discretion.

Even if we go further and look to the validity of the grounds alleged in the City's motion, those clearly support the trial court's exercise of its discretion to

12

determine that Dunlap is a vexatious litigant. *See Hernandez*, 621 S.W.3d at 778 (conducting review of adequacy of vexatious-litigant motion even though no reporter's record was filed). We turn first to the question of whether there was no reasonable probability that Dunlap would prevail in the present litigation against the City. The City's brief details why Dunlap's claims were legally unfounded—a conclusion supported by the federal court's grant of summary judgment in Dunlap's first post-termination suit against the City. Dunlap does not challenge those arguments on appeal. The City also emphasized that Dunlap's claims were barred by res judicata—a conclusion borne out by the federal court's dismissal order in Dunlap's second post-termination suit and apparently now by the federal court's order dismissing her third post-termination suit. *See Dunlap*, 2021 WL 1841399, at *1.

Also, the appendix to the motion amply supports a finding that Dunlap has pursued a strategy of filing new suits against the City when it becomes apparent that she is about to receive an adverse ruling in litigation that she has previously filed. This supports a finding that she has repeatedly litigated or is attempting to relitigate the final determinations of the federal court or a "cause of action, claim, controversy, or any of the issues of fact or law determined or concluded by the final determination against the same defendant as to whom the litigation was finally determined." *See* Tex. Civ. Prac. & Rem. Code Ann. § 11.054(2).

**C.** **To the extent that we can discern what Dunlap argues, none of her arguments constitute a viable challenge to the trial court's ruling.**

Finally, even though Dunlap's brief fails to cite relevant authority, lacks record references, relies on ad hominem attacks, and is mostly an explication of her lay view regarding why the trial court erred, we will briefly address her arguments as we understand them.[3]  Her arguments are as follows:

- Her suit against the City is not frivolous.  This argument makes no attempt to apply the standards of Section 11.054 of the Civil Practice and  Remedies Code.  Dunlap cites only cases from New Jersey appellate courts.  She also claims that she attempted to settle her claims against the City.  We do not understand how her attempts at settlement warrant or justify her repeated and failed attempts to sue the City.

- The Lily Ledbetter Act revives her claims.  She cites no authority for this proposition, and the federal court's most recent order rejected this argument.  *See Dunlap*, 2021 WL 1841399, at *1.

- Dunlap is not a vexatious litigant because she is seeking justice.  This argument makes no attempt to apply the standards at play under the

---

[3]Dunlap's brief filed June 23, 2021, and her reply brief filed August 30, 2021, are the operative briefs in this matter; her later "opening brief" was presented without leave for its filing.  We cannot break down the review of Dunlap's brief by issue because her Appellant's brief lacks a statement of the issues that she raises.  *See* Tex. R. App. P. 38.1 (requiring the inclusion of, among other things, a statement of issues presented for review).

Civil Practice and Remedies Code to the order that is the subject of our review.

- Dunlap has prima facie evidence of her discrimination claims based on the historic actions of the City. Again, this argument is not a challenge to whether she has legally viable claims or whether her claims are barred by res judicata.

- Dunlap's prior suits should not have been dismissed because they had merit. We have no jurisdiction to review judgments entered by a federal court. *See* Tex. Gov't Code Ann. § 22.221(a).

- "If the Plaintiff continues receiving discriminatory retirement checks and the denial of other resources related to a normal retiree, the doctrine of res judicata should always be defeated, especially in cases of pay discrimination under the Lily Ledbetter Fair Pay Act of 2009." The federal court disagreed, and she cites no authority to support this argument.

- "Plaintiff's claims of neglectful management are not barred by governmental immunity because it is continuous." We do not understand what argument Dunlap is attempting to make.

- "Plaintiff's discrimination claims under Title VII Civil Rights Act of 1964 are very timely and are retroactive under the Lily Ledbetter

15

Legislation of 2009." Again, Dunlap offers no explanation of how this Act would prevent her claims from being time barred or barred by res judicata.

- "Plaintiff's constitutional claims are not barred by the statute of limitations." Dunlap offers no authority to support this assertion.

- "Plaintiff does have factual evidence to pursue criminal violations against all defendants at higher levels of government." Dunlap does not offer any authority to establish that she has standing to assert a criminal violation or a theory that could be predicated on a criminal violation. *See Delgado v. Combs*, No. 07-11-00273-CV, 2012 WL 4867600, at *2 (Tex. App.—Amarillo Oct. 15, 2012, no pet.) (mem. op.) ("The Texas Penal Code is criminal in nature and does not create any private civil causes of action.").

- Dunlap did not file the present litigation to harass anyone. Harassment is not the standard applied to the vexatious-litigant determination.

- "In order that the plaintiff is deemed a vexatious litigant, 5 or more cases must have been filed over a period of seven years, not a decade . . . ." This is a reference to the vexatious-litigant standard set out in Section 11.054(1) of the Civil Practice and Remedies Code and not Section

16

11.054(2) that was the basis of the City's motion. *See* Tex. Civ. Prac. & Rem. Code Ann. § 11.054(1), (2).

- "The litigation law under Texas Civil [Practice &] Remedies Code [Section] 11.051 only applies to state cases, and not federal ones." This statement is contrary to the definition of "litigation" contained in Section 11.001(2) that we cited above. *See id.* § 11.001(2).

## V. Conclusion

We lack jurisdiction to review the portion of the trial court's order requiring Dunlap to post security. For the remaining portion of the order requiring permission of the local administrative judge before Dunlap files additional litigation, we lack an adequate record to review the trial court's determination that Dunlap is a vexatious litigant. Going further in our review than required, the motion filed by the City provided an adequate basis for the trial court to exercise its discretion and make the twin decisions required to support its order: (1) that there is a reasonable probability that Dunlap will not prevail in her current litigation against the City and (2) that Dunlap litigated or repeatedly attempted to relitigate prior adverse determinations of her claims against the City. Finally, we address the arguments that we understand Dunlap to be making in her brief and conclude that none of them are viable. Accordingly, we affirm the trial court's determination that Dunlap is a vexatious litigant and that she must obtain the permission of the local administrative judge

17

before filing any new litigation in propria persona, i.e., as a pro se plaintiff, in any court of the State of Texas.

/s/ Dabney Bassel

Dabney Bassel
Justice

Delivered:  October 28, 2021