**AFFIRMED and Opinion Filed September 6, 2023**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-22-01088-CV

### RODNEY B. ALLEN, Appellant
### V.
### PR GENESIS KATY LP D/B/A THE KATY VICTORY PARK, Appellees

**On Appeal from the 298th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-21-17509**

## MEMORANDUM OPINION

Before Justices Goldstein, Garcia, and Miskel
Opinion by Justice Garcia

This is an interlocutory appeal from the trial court's grant of a plea to the jurisdiction dismissing Rodney Allen's conspiracy claims against certain named and unnamed Dallas County judges and their staff (the "Dallas County Defendants").[1] Allen, appearing pro se, appears to argue the trial court's order is erroneous.

As discussed below, we conclude that Allen's issue is forfeited for inadequate briefing, but even if the issue had been preserved, the record reflects that Allen's

---

[1] The court's order granted the plea as to named defendants Judge D'Metria Benson, Judge Thomas Jones, and Court Coordinator Seth Little and as to claims against "any Judge, JP Court1-1, Name Unknown Dallas County."

claims were asserted against the Dallas County Defendants in their official capacity and governmental immunity has not been waived. Accordingly, we affirm the trial court's order.

## I.  Background

This case arises out of Allen's suit against three separate landlords for wrongful eviction. Allen sued the landlords, the owners of the properties, the Dallas County Defendants, and various other individuals alleged to be part of a broad conspiracy that involves Allen's eviction(s), alleged crime, and other allegedly nefarious actions.

The trial court ordered Allen to amend his petition to specify the claims he is asserting and the defendant against whom such claims are made. Allen amended his petition, but the amended petition offered no further clarity.

The Dallas County Defendants filed a plea to the jurisdiction, arguing that all claims against them involve actions in their official capacity as judges and court staff. The trial court conducted a hearing on the plea at which Allen appeared. Upon conclusion, the court granted the plea and dismissed Allen's claims against the Dallas County Defendants with prejudice. Allen's timely challenge to that order forms the basis of this appeal.

## II.  Analysis

Allen appears pro se, as he did in the court below. A pro se litigant is held to the same standards as licensed attorneys and must comply with applicable laws and rules

of procedure. *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex.1978). On appeal, as at trial, a pro se appellant must properly present its case. *Id*.; *Strange v. Continental Cas. Co.*, 126 S.W.3d 676, 678 (Tex. App.—Dallas 2004, pet. denied).

The rules of appellate procedure require appellant's brief to contain "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(h). An issue on appeal unsupported by argument or citation to any legal authority presents nothing for the court to review. *Birnbaum v. Law Offices of G. David Westfall*, 120 S.W.3d 470, 477 (Tex. App.—Dallas 2003, pet. denied). Similarly, we cannot speculate as to the substance of the specific issues appellant claims we must address. *Strange*, 126 S.W.3d at 678. An appellate court has no duty to perform an independent review of the record and applicable law to determine whether the error complained of occurred. *Id*.

Although he has been given two extensions of time and filed an amended brief, Allen fails to articulate a clear legal issue to be decided or, to the extent we can discern a cognizable issue, to make understandable arguments in support of his position. Moreover, Allen fails to identify any controlling legal principle or authority and does not cite or even reference the relevant portions of the record. Therefore, Allen's complaint is forfeited as inadequately briefed. *See Trenholm v. Ratcliff*, 646 S.W.2d 927, 934 (Tex. 1983) ("Points of error must be supported by argument and authorities, and if not so supported, the points are waived.").

Moreover, even if we were to interpret Allen's brief to complain that the trial court erred in granting the plea to the jurisdiction, and further assume that issue had been preserved for our review, the argument still fails. *See Caldwell v. Garfutt*, No. 03-14-00019-CV, 2016 WL 105920 at *3 (Tex. App.—Austin Jan. 7, 2016, pet. denied) (mem. op.) (addressing issues raised by pro se appellant "as best as we can").

Allen's petition fails to specify whether the Dallas County Defendants were acting in their individual or official capacities. The record reflects that Allen's allegations pertain to actions taken in connection with his eviction case and were therefore actions undertaken in an official capacity. *See Miller v. Diaz*, No., 05-21-00658-CV, 2022 WL 109363, at *6 (Tex. App.—Dallas Jan. 12, 2022, no pet.) (mem. op.) (we look to the course of the proceedings to determine the capacity in which an official has been sued). A claim against a government official or employee in their official capacity is a suit against the governmental entity she represents. *Tex. Dep't of Public Safety v. Petta*, 44 S.W.3d 575, 581–582 (Tex. 2001). Absent a clear waiver by the legislature, a governmental entity is immune from suit. *City of San Antonio v. Maspero*, 640 S.W.3d 523, 528 (Tex. 2022). The party suing a governmental unit bears the burden of affirmatively showing waiver of immunity. *Univ. of Tex. M.D. Anderson Cancer Ctr. v. McKenzie*, 578 S.W.3d 506, 512 (Tex. 2019). Allen fails to articulate, nor does the record reflect, a waiver of such immunity here. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.021 (1)-(2); *see also* §101.053.

Allen was provided an opportunity to amend his pleadings in the court below. When a plaintiff is afforded an opportunity to amend and the pleadings still do not allege facts demonstrating a waiver of immunity, the pleadings should be dismissed with prejudice. *Harris Cnty. v. Sykes*, 136 S.W.3d 635, 639 (Tex. 2004). Accordingly, the trial court did not err by granting the plea to the jurisdiction and dismissing Allen's claims with prejudice. The trial court's order is affirmed.

/Dennise Garcia/
DENNISE GARCIA
JUSTICE

221088F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

RODNEY B. ALLEN, Appellant

No. 05-22-01088-CV     V.

PR GENESIS KATY LP D/B/A THE
KATY VICTORY PARK, Appellee

On Appeal from the 298th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-21-17509.
Opinion delivered by Justice Garcia.
Justices Goldstein and Miskel
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that each party bear its own costs of this appeal.

Judgment entered September 6, 2023.